**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                              Case No. 4:03-CR-00060 (2) GTE

**JOHN AARON ROWLAND**

### ORDER

Before the Court is a Motion for Reduction of Sentence filed by Defendant John Rowland. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines ("Guidelines"), which lowered the base offense levels for crack cocaine offenses, and Amendment 711, which identified Amendment 706 as an amendment that may be applied retroactively, effective March 3, 2008.[1] The Government opposes the motion, contending that Defendant is not eligible for a sentence reduction.

For the reasons explained below, the Court concludes that Defendant's motion must be denied.

### BACKGROUND

On December 9, 2003, this Court sentenced Defendant to 188 months imprisonment after Defendant pled guilty to possession with intent to distribute more than 5 grams but less than 50 grams of cocaine base. The 188 month sentence was the minimum sentence permissible under the applicable sentencing guideline range of 188-235 months. On February 17, 2004, the Court granted the Government's motion for a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Court declined the Government's recommendation for a 50% sentence

---

[1] *See* U.S.S.G. App. C, Amend. 706, incorporated in U.S.S.G. § 2D1.1 (Supp. May 1, 2008) and App. C, Amend. 711, incorporated in U.S.S.G. § 1B1.10 (Supp. May 1, 2008).

- 1 -

reduction and instead reduced the sentence to 125 months, a 33% reduction. (*See* Order of February 17, 2004, docket entry # 57). Defendant is presently in federal custody serving this sentence.

On March 5, 2008, the Court appointed an attorney from the Office of the Federal Public Defender to represent Defendant in all further proceedings in connection with sentencing issues.[2]

On May 19, 2008, Defendant's appointed counsel filed a Motion to Reduce Sentence pursuant to Amendment 706 and 18 U.S.C. § 3582 and supporting brief.[3]

On June 23, 2008, the Government responded, opposing any sentence reduction.[4]

The Court also has before it an Addendum to the Presentence Report (PSR), prepared recently by the Probation Office,[5] and all pertinent documents related to the imposition of sentence, including the Presentence Report, Judgment, Statement of Reasons, and Order granting downward departure.[6] Copies of all of these documents have been provided to defense counsel and the Government.

## DISCUSSION

**A.     Legal Authority**

Congress authorized the United States Sentencing Commission ("Sentencing Commission") to amend the guidelines and also to specify that any amendment be given retroactive effect.

---

[2] This appointment was made *sua sponte* after Defendant was identified as a person <u>potentially</u> eligible for a sentence reduction as a result of Amendments 706 and 711.

[3] (Docket entries # 80 & # 81).

[4] (Docket entry # 82).

[5] The Addendum recalculates the applicable guideline sentence under Amendment 706 and provides additional information relevant to the Court's exercising its discretion to reduce a sentence.

[6] (Docket entry # 57).

28 U.S.C. § 944(o) & (u).   The Sentencing Commission exercised that authority by enacting Amendment 706, which became effective on November 1, 2007.[7]  Like all other amendments to the Sentencing Guidelines, the Amendment was first submitted as a proposal to Congress, which could have "modified or disapproved the amendment."  28 U.S.C. § 994(p).

Amendment 706 reduces the guideline range for crack cocaine offenses by amending U.S.S.G. § 2D1.1, the drug quantity table used to compute sentences for such offenses.  In most instances, Amendment 706 reduces the base offense level of the drug quantity table, U.S.S.G. § 2D1.1(c), for specified quantities of crack cocaine by two levels.

U.S.S.G. § 1B1.10 is the policy statement through which the Commission sets out which amendments may be applied retroactively and on what terms.  By identifying Amendment 706 as amended by 711 in U.S.S.G. § 1B1.10(c), the Commission made Amendment 706 retroactive.

Section 3582(c) identifies the exceptions to the general rule that a court "may not modify a term of imprisonment once it has been imposed."  One of those exceptions, described in subsection (2), addresses the issue presently before the Court.  That subsection provides:

> [I]n case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Section 1B1.10 of the Guidelines contains the "applicable policy statements" referenced

---

[7] Amendment 706 followed years of the Sentencing Commission's unsuccessful efforts to prod Congress to act to eliminate or reduce the 100-to-1 sentencing disparity for crack cocaine and powder cocaine offenses.  *See Kimbrough v. United States*, 128 S. Ct. 558, 569 (2007) (providing a history of such efforts).

in the statute authorizing this Court to reduce Defendant's sentence. Accordingly, the Court must consult, consider, and follow Section 1B1.10 in determining whether Defendant is eligible for a sentence reduction.

In making this determination, "the district court must determine the guidelines range as if the relevant amendment had been in place at the time of the original sentencing, and it may consider only the retroactive amendment in determining the amended guidelines range." *U.S. v. Peters*, 524 F.3d 905, 906-07 (8th Cir. 2008) (citations omitted); *see also* 1B1.10(b)(1). Guideline § 1B1.10(a)(2)(B) provides that a sentence reduction is excluded and unauthorized under § 3582(c)(2) if an amendment to be applied retroactively "does not have the effect of lowering the defendant's applicable guideline range." The Application Notes state:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction . . . is not authorized . . . if: . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.C. § 1B1.10, App. Note 1(A).

With these basic principles in mind, the Court turns to the arguments of the parties in this particular case.

### C. Application of Amendment 706

Defendant's sentence was determined based on his status as a "career offender." As a result, his guideline sentencing range was determined by applying U.S.S.G. § 4B1.1, and not by § 2D1.1. Amendment 706 did not alter § 4B1.1, and therefore did not change the guideline range applicable to Defendant. *U.S. v. Tingle*, 524 F.3d 839 (8th Cir. 2008); *U.S. v. Thomas*, 524 F.3d 889 (8th Cir.

2008) (both holding career offenders are not eligible for a sentence reduction under Amendment 706).

Defendant concedes that if Amendment 706 had been in place at the time of the original sentencing, it would not have changed his applicable guideline range. As the Addendum to Presentence Report shows, Defendant's original guideline range and amended guideline range (after applying Amendment 706) are the same: 188 to 235 months, based on a offense level of 31 and criminal history category VI. Despite his career criminal status, Defendant argues that he is qualified for a sentence reduction based on the subsequent Rule 35(b) downward departure. Defendant argues that "[o]nce the Court granted the Government's motion for a downward departure pursuant to 18 U.S.C. § 3582(c)(2)," he was no longer sentenced as a career offender. (Def.'s br. at 9). The Court disagrees.

The filing of a Rule 35(b) motion does not create eligibility for a sentence reduction when Amendment 706, applied to the facts and circumstances of the particular offense, does not alter the guideline range applicable to the offense. The Court acknowledges that the filing of a Rule 35(b) motion sometimes triggers eligibility for consideration for a sentence reduction based on Amendment 706. A good example is when a defendant originally received a mandatory minimum sentence, but was later sentenced below the mandatory minimum following the filing of a Rule 35(b) motion by the Government. In that situation the Defendant is potentially eligible for a sentence reduction, not because the Rule 35(b) motion "created" eligibility, but because Amendment 706 altered the underlying guideline range computed by § 2D1.1(2), which was used as a starting point for imposing a Rule 35(b) reduction of sentence. Here, however, Defendant's guideline range is the same regardless of Amendment 706. Therefore, the fact that a Rule 35(b) motion was filed changes

nothing. Defendant remains a career offender sentenced under § 4B1.1 and ineligible for a sentence reduction.

The *Sykes* case, on which Defendant relies to support his position is not on point. *United States v. Sykes*, No. CR00-2023-MJM, 2008 WL 2019589 (N. D. Iowa May 9, 2008). While Sykes was sentenced as a career offender originally, he was sentenced using an offense level computed using the drug quantity table, §2D1.1, because such offense level was greater than the offense level computed under § 4B1.1.[8] When Amendment 706 lowered the §2D1.1 drug table, the offense level computed using § 2D1.1 was no longer greater than the offense level computed under § 4B1.1. The result was a one point decrease in the total offense level. Thus, even though Sykes was a career offender, he qualified for a sentence reduction because Amendment 706 lowered the applicable guideline range. Contrary to this case, Sykes would have been eligible for a sentence reduction, with or without the §5K1.1 and Rule 35(b) motions filed in the case.

Despite the fact that § 2D1.1 played no role in computing either his original or amended guideline range, Defendant suggests that "recent Supreme Court case law" mandates consideration of the § 2D1.1 range, among other things" in making a sentencing determination. (Def.'s br. at 8) (citing *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007). He relies on *Gall v. United States*, 128 S. Ct. 586 (2007), for the proposition that a distinction exists between "the basis for a sentence – of which there may be many – and the *point of departure* for a sentence." (Def.'s br. at 6) (emphasis in original). This argument does not advance his cause. *Kimbrough* and *Gall* were decided in the post-*Booker* sentencing world, where the Guidelines are truly guidelines. Defendant,

---

[8] U.S.S.G. § 4B1.1(b) directs that the career offender offense levels provided in the table be used only if "greater than the offense level otherwise applicable." Thus, some "career offenders" are sentenced using § 2D1.1. Defendant Rowland was not.

however, was sentenced pre-*Booker*. At that time, the Guidelines were mandatory and the Court had no authority to fashion a sentence based on non-Guideline factors.

In January of 2005, the Supreme Court held the sentencing guidelines are no longer mandatory, but are advisory. *Booker v. United States*, 543 U.S. 220 (2005). In December of 2007, the Supreme Court authorized sentencing courts, when applying advisory guidelines, to consider whether the disparity in guideline ranges for crack and powder cocaine produces a sentence "greater than necessary" to fulfill the sentencing goals of 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007).

While the sentencing landscape has changed dramatically since Defendant was sentenced in 2003, these changes to federal sentencing law come too late to help Defendant. First, the Eighth Circuit has held that *Booker* does not apply retroactively to convictions that were final when the decision was announced. *Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005). Second, § 3582(c)(2) requires that a retroactive sentence reduction be consistent with applicable policy statements. The applicable policy statement, § 1B1.10(b)(1), directs that when determining whether Amendment 706 lowers Defendant's guideline range, the court "shall leave all other guideline application decisions unaffected." Accordingly, *Booker, Kimbrough,* and *Gall* may not be considered when determining whether Defendant is eligible for a sentence reduction based on Amendment 706 and 18 U.S.C. § 3582(c)(2).[9]

---

[9] The Court likewise disagrees with Defendant's suggestion that if he were eligible for a sentence reduction, the Court would be free to conduct a "full resentencing" during which it could, based on *Booker* and *Kimbrough,* grant a reduction greater than that authorized by Amendment 706.

## CONCLUSION

The sentencing guideline range applicable to Defendant is unaltered by application of Amendment 706. Consequently, he is not eligible for a reduction of his term of imprisonment. Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses (docket entry # 80) be, and it is hereby, DENIED.

IT IS SO ORDERED THIS  27th   day of June 2008.

                                                _/s/Garnett Thomas Eisele_____  
                                                UNITED STATES DISTRICT JUDGE